IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sergio Gomez Garcia | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:23-cv-00580 |
| v. | ) |
| | ) |
| Ever Green Tree Service & Landscaping, Co. and Salvador Tovar | ) |
| | ) Honorable Steven C. Seeger |
| | ) |
| Defendant. | ) |

**JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL OF PLAINTIFF'S COMPLAINT**

Plaintiff Sergio Gomez Garcia ("Plaintiff"), by and through his undersigned attorney, and Defendants Ever Green Tree Service & Landscaping Co. ("Ever Green") and Salvador Tovar ("Tovar") (collectively, "Defendants"), by and through their undersigned attorney, hereby move the Court to approve the Parties' Settlement Agreement and General Release. In support of their motion, the Parties state the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2023, Plaintiff filed a Complaint against Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") by failing to pay overtime compensation for hours worked over forty (40) in a workweek to Plaintiff during his relationship and/or employment with Ever Green. Defendants denied Plaintiff's allegations and denied that Plaintiff's compensation was violative of the FLSA or the IMWL and filed various affirmative defenses thereto. (ECF Nos. 10-11.)

3

The Parties engaged in settlement negotiations between on or about February 22, 2023, and on or about September 22, 2023. An agreement was reached with respect to settlement in principle on September 22, 2023, at a settlement conference presided over by Magistrate Judge Cummings and thereafter the parties worked together to finalize a written agreement on or about September 26, 2023. The Parties drafted and executed a settlement agreement and general release (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**. Plaintiff does not bring this matter as a collective action and does not allege any Federal Rule of Civil Procedure Rule 23 claims. Plaintiff proceeds in his individual capacity.

Under the terms of the Settlement Agreement, Plaintiff is receiving a total gross settlement payment of $12,500.00, inclusive of all alleged unpaid wages, liquidated and/or treble damages, interest, and all attorneys' fees, expenses, and costs. Of the $12,500, Plaintiff's counsel will receive $5,604.50 in attorneys' fees and costs and Plaintiff will receive the remainder in alleged unpaid wages and damages. Based on Plaintiff's Counsel's calculations, the net settlement payment to Plaintiff represents approximately 24% of the total amount Plaintiff alleges he is owed (inclusive of back wages, liquidated damages under the FLSA, and damages under the IMWL). Furthermore, Defendants dispute Plaintiff's allegations and general calculations of unpaid overtime. If this case were to go to trial, Plaintiff might recover less than $12,500.00.

In exchange for the settlement payment, as set forth the Agreement, Plaintiff agrees to seek dismissal of this action in full, initially without prejudice and converting to a dismissal with prejudice 75 days later, without fees or costs to either party—except as specifically negotiated with regard to attorneys' fees and costs—and, agrees to a general release of all claims he has, had, or may have against Defendants and Releasees (including any wage and hour claims)

4

relating back to the full extent of the applicable statute of limitations and continuing through the entry of final judgment in this matter.

As discussed in more detail below, the Parties respectfully request that the Court approve this Settlement Agreement. The Parties are submitting a proposed order granting this motion to the Court's chambers electronically pursuant to the Court's standing order on proposed orders.

## DISCUSSION

### I. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

When an employee brings an action against their employer under the Fair Labor Standards Act, a wholly private settlement between the parties will be unenforceable. *See e.g. Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986); *see also Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) ("settlement of claims for back wages under the FLSA requires approval from the Department of Labor or from a district court"). "Specifically, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC,* No. 09-cv-5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011). Thus, the Parties seek this Court's approval of their Settlement Agreement for purposes of rendering the Settlement Agreement binding on the parties and, specifically, enforcing Plaintiff's release of claims, including under the Fair Labor Standards Act and Illinois Minimum Wage Law. *See Chen v. Genesco, Inc.*, No. 1:18-cv-00690-SEB-TAB, 2020 WL 360517, at *3 (S.D. Ind. Jan. 22, 2020) ("FLSA . . . settlement agreements require judicial approval. Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel [] and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted

and expensive litigation.") (internal quotations omitted).

The Parties agree that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute as to the amount of compensation allegedly owed to Plaintiff under the FLSA, and IMWL.

The settlement reached by the Parties is the result of investigation, formal written discovery, negotiations between the parties to resolve this matter, and ultimately a settlement conference. The settlement was negotiated at arm's length by experienced counsel and the settlement conference was presided over by Magistrate Judge Cummings.

Importantly, without settlement, this case is likely to last significantly longer than the approximately eight months it has lasted, costing the parties significant expense. The Parties wish to resolve the case at an early stage in the litigation to avoid any further unnecessary litigation expenses. Finally, Plaintiff is receiving a settlement payment equal to or better than the amount of damages he might be able to obtain if the case did not settle. Accordingly, the Court should approve the Settlement Agreement.

## II. THE COURT SHOULD APPROVE PLAINTIFF'S ATTORNEYS' FEES AND COSTS.

The Parties also request that the Court approve the attorneys' fees and costs requested by counsel for Plaintiff as part of the settlement. These fees and costs should be approved because counsel for Plaintiff: (1) investigated Plaintiff's claims, including reviewing pay records; (2) expended time preparing the Complaint and issuing and responding to formal written discovery requests; and (3) negotiated the Settlement Agreement on behalf of Plaintiff, including attending a settlement conference, ultimately resulting in a recovery for Plaintiff that may be more than the amount of back wages to which Plaintiff would have otherwise been paid. Therefore, the attorneys' fees and costs sought by counsel are justified. *See, e.g., Zolkos v. Scriptfleet, Inc.,* No.

12 CV 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (discussing factors to consider when analyzing award of attorneys' fees and costs in FLSA collective action settlement).

**WHEREFORE**, Plaintiff Sergio Gomez Garcia and Defendants Ever Green Tree Service & Landscaping Co. and Salvador Tovar hereby request that this Court enter on Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute; finding it binding on all parties, including the releases set forth therein; and dismissing Plaintiff's Complaint without prejudice, which will convert to a dismissal with prejudice after 75 days if no motion is otherwise filed. The parties submit a proposed order to Court's proposed order email for the Court's review.

Dated: October 11, 2023                                Respectfully submitted,

By: __/s/Daniel Schlade_____          By: _____/s/Stephanie Dinkel___

<u>Plaintiff's Attorney</u>                                     <u>Defendants' Attorney</u>
Daniel I. Schlade                                           Stephanie M. Dinkel
Justicia Laboral, LLC                                       Koehler Dinkel LLC
6232 N. Pulaski, #300                                       900 S. Frontage Rd., Ste. 300
Chicago, Illinois 60646                                     Woodridge, Illinois 60517
Email: danschlade@gmail.com                                 Email: sdinkel@kdllclaw.com